UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TAILGATE GUYS, LLC;                                    PLAINTIFFS
PARKER DUFFEY; MICHAEL
OTWELL; and DUFFEY & OTWELL
COMPANIES, LLC.

vs.                                    Civil Action No. 3:18-cv-944-WKW-WC

**DEMAND FOR JURY TRIAL**

WILLIAM McCLAIN                                    DEFENDANT

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Tailgate Guys, LLC ("Tailgate Guys"), Parker Duffey ("Duffey"), Michael Otwell ("Otwell"), and Duffey & Otwell Companies, LLC ("D&O") (collectively referred to as "Plaintiffs") hereby file this complaint for declaratory judgment against William McClain ("McClain" or "Defendant") and allege as follows:

### Nature of Action

1. This is an action for a declaratory judgment that McClain has no rightful claim to or ownership of Tailgate Guys.

### Parties

2. Plaintiff Tailgate Guys is a limited liability company with its principal place of business in Opelika, Alabama. No member to Tailgate Guys is a Texas citizen.

3. Plaintiff Duffey is an individual over the age of 19 years and resides in Opelika, Alabama.

4. Plaintiff Otwell is an individual over the age of 19 years and resides in Auburn, Alabama.

5. Plaintiff D&O is a limited liability company with its principal place of business in Lee County, Alabama. No member of D&O is a Texas citizen.

6. Defendant McClain is an adult resident citizen of Texas.

## Jurisdiction and Venue

7. The jurisdiction in this cause is proper pursuant to the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202) and diversity of citizenship (28 U.S.C. § 1332).

8. Venue is proper in this District and Division pursuant to 28 U.S.C. 28 § 81(b)(3) and 28 U.S.C. § 1391.

## An Actual Controversy Exists Between the Parties

9. Tailgate Guys provides athletic event management services for fans.

10. Duffey and Otwell co-founded Tailgate Guys in 2009.

11. Duffey serves as President and Chief Executive Officer of Tailgate Guys.

12. Otwell serves as Chief Production Officer of Tailgate Guys.

13. D&O has the majority ownership interest in Tailgate Guys.

14. Duffey and Otwell are members of D&O.

15. On April 1, 2016, Duffey hired McClain to serve as Director of the Texas Territory.

16. McClain expressed to Duffey a desire to eventually obtain an ownership interest in Tailgate Guys.

17. McClain incorrectly alleges he expressed to Otwell a desire to eventually obtain an ownership interest in Tailgate Guys.

18. No agreement was ever reached about McClain's potential purchase of an ownership interest in Tailgate Guys.

19. On or about August 29, 2018, McClain left Tailgate Guys to pursue another job opportunity.

20. On September 25, 2018 ("September 25 Letter"), Duffey received a letter from McClain's attorney demanding that McClain be recognized as an equity owner in Tailgate Guys. A true and accurate copy of that September 25, 2018 letter is attached as **Exhibit A**.

21. On October 29, 2018, counsel for Plaintiffs received another letter from McClain's attorney, further contending that McClain was entitled to an equity ownership in Tailgate Guys. A true and accurate copy of that October 29, 2018 letter is attached as **Exhibit B**.

22. Plaintiffs fully and completely dispute that McClain is entitled to, or currently has, any ownership interest in Tailgate Guys.

23. Therefore, there exists an actual, concrete controversy between Plaintiffs and McClain.

## COUNT I – Declaratory Judgment

24. The allegations of paragraphs 1-23 are incorporated by reference as if fully set forth herein.

25. The Court should declare that McClain has no interest in, or entitlement to, any percentage of ownership of Tailgate Guys.

26. The Court should exercise its broad discretion to issue the requested declaratory judgment as such a judgment will settle the controversy between the parties and has the useful purpose of clarifying the parties' legal rights and obligations regarding McClain's claimed interest in, or entitlement to, equity ownership of Tailgate Guys. No better or more effective remedy exists than for the Court to issue the requested declaratory judgment.

## Relief Sought

**WHEREFORE**, premises considered, Plaintiffs seek the following relief:

A. That the Court takes jurisdiction of this cause.

B. That the Court order, adjudge and decree that this is a proper cause of an action of declaratory judgment and that there is a bona fide

controversy between the parties as to their legal rights, duties, status and liabilities.

C. That the Court declare McClain does not currently own an interest in Tailgate Guys, LLC.

D. That the Court declare McClain is not entitled, contractually or otherwise, to acquire an ownership interest in Tailgate Guys, LLC.

E. That the Court grant Plaintiffs such other, further, and different general relief to which it may be entitled, including but not limited to attorneys' fees and costs.

Dated: November 2, 2018.

Plaintiff Requests a Jury Demand

Respectfully submitted,

Tailgate Guys, LLC; Parker Duffey; Michael Otwell; and Duffey & Otwell Companies, LLC

By: *Matthew A. Barley*
Matthew A. Barley
BUTLER SNOW LLP
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
(P) 205.297.2200
(F) 205.297.2201
(E) matt.barley@butlersnow.com

44820698.v1